[ECF No. 40]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DENISE WILLIAMS,

                    Plaintiff,

      v.                                Civil No. 23-1946 (KMW/MJS)

TOWNSHIP OF CHERRY HILL, et
al.,

                    Defendants.

<u>O P I N I O N   &   O R D E R</u>

This matter comes before the Court upon the motion for leave
to file an amended complaint ("Motion") filed by plaintiff Denise
Williams ("Plaintiff") [ECF No. 40]; and

**WHEREAS**, the proposed amended complaint seeks to (1) remove
William Cook, Brandon Hawkins, and the Yannuzzi Group, Inc. as
defendants [ECF No. 40-4 at 3],[1] (2) add Township Council of
Township of Cherry Hill as a defendant[2], (3) streamline and

---

[1] Although the proposed amended complaint removes William Cook,
Brandon Hawkins, and the Yannuzzi Group, Inc. as defendants [ECF
No. 40-4 at 3], these three former defendants seek to "fully
reserve their rights to re-assert their requests for sanctions
in the event Plaintiff or her counsel" move to amend the complaint to
add them as defendants in the future. ECF Nos. 42-43.

[2] Plaintiff asserts in the proposed amended complaint that
"Defendant Township Council of Township of Cherry Hill is the
governing body of the Township of Cherry Hill authorized to enact
resolutions and ordinances and exercise all powers vested in the

1

consolidate the complaint by removing some claims and adding others, and (4) add/modify/delete various factual allegations to correspond with the revised claims; and

**WHEREAS**, defendants Township of Cherry Hill, William Cattell, Frederick Kuhn, Charles Cahn, and Susan Shin Angulo (the "Township Defendants") "do not oppose the Motion," but seek to "reserve all rights to contest whether each new claim, in fact, states a claim," in "a later dispositive motion."[3] ECF No. 42; and

**WHEREAS**, defendant Camden County Construction Board of Appeals has not responded to the Motion[4]; and

**WHEREAS**, proposed defendant Township Council of Township of Cherry Hill does not have standing to respond to the Motion, see Raab Fam. P'ship v. Borough of Magnolia, Civ. No. 08-5050, 2009 WL

---

legislative authority delegated to it by the State of New Jersey[.]" ECF No. 40-4 ¶ 15.

[3] The Court notes that the Township Defendants have not filed an answer or otherwise responsive pleading to Plaintiff's fourth amended complaint (that was removed to this Court). The Court extended the Township Defendants' time to file an answer or otherwise responsive pleading until May 26, 2023 [ECF No. 16], however Plaintiff's counsel soon after filed a motion for leave to withdraw as counsel. ECF No. 17. The Court convened a hearing on June 21, 2023 to address the motion to withdraw, at which it was withdrawn. ECF Nos. 27-28. At that hearing, Plaintiff's counsel also notified the Court of her intention to file a motion for leave to amend the complaint. The Court ordered Plaintiff's counsel to file the motion, if Plaintiff did not receive consent from Defendants, by July 10, 2023 [ECF No. 27], which the Court extended to July 14, 2023 [ECF No. 38] upon request of Plaintiff's counsel.

[4] The Court notes that opposition filings to the Motion were due by July 24, 2023.

10689669, at *4 (D.N.J. Oct. 30, 2009) (citing State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007) (proposed new defendants "do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action.")); and

WHEREAS, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); and

WHEREAS, the Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (citing Wright, Miller and Kane, Federal Practice and Procedure, Vol. 6, § 1471 at 505 (2d ed. 1990)); and

WHEREAS, a court may deny a party's leave to amend a pleading "where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)); and

WHEREAS, the Court finds that Plaintiff's Motion was not made with undue delay, bad faith, or dilatory motive. The complaint was

3

removed to this Court on April 5, 2023 [ECF No. 1] and the Motion was filed on July 14, 2023 [ECF No. 40]. Although the Court recognizes the lengthy history of this case in state court, no scheduling order has yet been entered in this Court, so no deadline by which the parties could move to amend pleadings has been set; and

**WHEREAS**, Plaintiff's proposed amended complaint is not, on its face, futile, because it clarifies the claims and allegations already asserted in large part by Plaintiff in the fourth amended complaint. <u>See</u> <u>Batta v. HCL America, Inc.</u>, Civ. No. 17-5988, 2019 WL 6888407, at *3 (D.N.J. Dec. 17, 2019) (granting plaintiff's motion to amend to clarify factual allegations regarding the complaint's underlying incident); <u>Rhulen v. LG Chem America, Inc.</u>, Civ. No. 16-6924, 2018 WL 515851, at *2 (D.N.J. Jan. 23, 2018) (granting plaintiff's motion to amend, noting "the Court is hesitant to preclude Plaintiff from either clarifying the nature of certain factual allegations or from voluntarily withdrawing any theories of liability at this juncture."); <u>Morozin v. Phila. Hous. Auth.</u>, Civ. No. 18-2174, 2020 WL 12740575, at *1 n. 1 (E.D. Pa. Apr. 15, 2020) (granting plaintiff's motion to amend where the amended complaint "merely clarifies the claims already at issue in

the case, and it does not add new claims that Defendants would have to respond to for the first time.");[5] and

**WHEREAS**, granting Plaintiff's Motion will not prejudice Defendants.[6] The Court notes that no defendants have formally

---

[5] "A proposed amendment is considered futile if it 'is frivolous or advances a claim or defense that is legally insufficient on its face.'" Batta, Civ. No. 17-5988, 2019 WL 6888407, at *3 (quoting Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990)).

Plaintiff has proposed to streamline and consolidate the twenty-one claims in her fourth amended complaint into six claims, including: (1) violation of 42 U.S.C. § 1983 (substantive due process) against all defendants (count one), (2) violation of 42 U.S.C. § 1983 (procedural due process) against all defendants (count two), (3) violation of 42 U.S.C. § 1983 (unlawful seizure of persons and property) against defendants Cattell, Kuhn, and the Township of Cherry Hill (count three), (4) violation of New Jersey Civil Rights Act, N.J.S.A. § 10:6-2(c), and Article 1, Paragraph 1 of the New Jersey Constitution, against all defendants (count four); (5) violation of New Jersey Law Against Discrimination against all defendants (count five); and (6) unjust enrichment against defendant Township of Cherry Hill (count six). ECF No. 40-4.

Plaintiff seeks to remove the following claims (asserted against various defendants) from the complaint: (1) prerogative writs, (2) 42 U.S.C. §§ 1983/1985(3) conspiracy, (3) declaratory judgment - denial of construction permits is arbitrary and capricious, (4) declaratory judgment – the email notice violates State UCC regulatory scheme requiring a prior evidentiary hearing, (5) declaratory judgment – the UCC regulatory scheme is an unlawful delegation of authority, (6) trespass, (7) trespass to land, (8) fraudulent concealment, and (9) negligence. Id.

[6] "Prejudice can justify denial of a motion to amend if the amendment would result in additional discovery, costs, preparation to defend against new facts or theories, or would otherwise place an unfair burden on the non-movant." Hadeed v. Advanced Vascular Res. of Johnstown, LLC, Civ. No. 15-0022, 2017 WL 4286343, at *3 (W.D. Pa. Sept. 26, 2017). "The fact that some additional discovery may result from plaintiff's amendment is not enough to establish

opposed this Motion or demonstrated how they would be prejudiced
if the Court grants this Motion. Additionally, no scheduling order
has been entered in this case, so granting the Motion will not
unreasonably delay the resolution of this case. Further, both
parties will benefit from Plaintiff's streamlined amended
complaint because it will clarify the causes of action asserted
against each defendant and will reduce redundancy in the pleadings.
See Rhulen, Civ. No. 16-6924, 2018 WL 515851, at *2 ("Plaintiff's
proposed withdrawal of Count Two along with certain theories of
liability in Count One would streamline the parties' dispositive
briefing by removing certain issues from contention, thus
promoting the 'speedy disposition' of the case. Permitting such
amendments would not prejudice Defendants in any way or otherwise
cause any substantial delay in the litigation.") (internal
citation omitted); see also Brentley v. City of Pittsburgh, Civ.
No. 20-0489, 2021 WL 2474419, at *2 n. 1 (W.D. Pa. June 17, 2021)
(granting plaintiff's motion for leave to amend to clarify his
claims and factual allegations and noting that, "at this early
stage of the litigation[,]" and because defendants "would be free
to raise any objections to claims [p]laintiff may assert in a

---

the sort of prejudice necessary to deny plaintiff's motion." Evonik
Degussa GMBH v. Materia Inc., Civ. No. 09-0636, 2011 WL 13152274,
at *6 (D. Del. Dec. 13, 2011). Defendants bear the burden of
demonstrating prejudice sufficient to deny leave to amend under
Rule 15(a). See Dole, 921 F.2d at 488.

second amended complaint through a motion to dismiss," defendants "would suffer no discernable prejudice"),

**IT IS** on this **28th day** of **July 2023,**

**ORDERED** that Plaintiff's motion for leave to file an amended complaint [ECF No. 40] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file her amended complaint by no later than **August 1, 2023**; and it is further

**ORDERED** that the initial conference, at which the Court will set a scheduling order, shall proceed as scheduled on **August 7, 2023** at **1:00 P.M**. See ECF No. 27. Counsel shall dial **1-888-808-6929, access code: 2170922#** to connect to the call; and it is further

**ORDERED** that, after meeting and conferring, counsel shall submit a proposed joint discovery plan by **August 3, 2023**. The proposed plan shall reflect counsel's collaborative efforts to set a reasonable schedule for the resolution of this case.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc: Hon. Karen M. Williams
    United States District Judge