IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENISE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF CHERRY HILL, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:23-cv-01946-KMW-AMD<br><br>**OPINION** |

**Robert H. Bembry, III, Esq.**
LAW OFFICES OF ROBERT H. BEMBRY, III
*Counsel for Plaintiff Denise Williams*

**William F. Cook, Esq.**
**Brianna M. Morello, Esq.**
BROWN & CONNERY, LLP
*Counsel for Defendants Township of Cherry Hill, Township Council of the Township of Cherry Hill, Frederick Kuhn, and Susan Shin Angulo*

**Eric J. Riso, Esq.**
ZELLER & WIELICZKO, LLP
*Counsel for Defendants Charles Cahn and William Cattel*

**Brandon Hawkins, Esq.**
**Howard L. Goldberg, Esq.**
OFFICE OF CAMDEN COUNTY COUNSEL
*Counsel for Defendant Camden County Construction Board of Appeals*

**WILLIAMS, District Judge:**

## I.  INTRODUCTION

Plaintiff Denise Williams ("Plaintiff") appeals the decision of the Honorable Ann Marie Donio, U.S.M.J. (the "Magistrate Judge"), denying her motion for leave to file a Sixth Amended Complaint. Plaintiff's appeal is opposed by the Township of Cherry Hill, the Township Council

of the Township of Cherry Hill, Frederick Kuhn, Susan Shin Angulo, Charles Cahn, and William Cattel (collectively, "Defendants"). For the reasons set forth below, the Court affirms.

## II.    BACKGROUND

This litigation arises out of a nearly twenty-year dispute between Plaintiff and the Township of Cherry Hill concerning Plaintiff's efforts to construct a new home, the Township's alleged obstruction of that project, and the eventual demolition of the unfinished structure. The procedural history of this case is as protracted as it is convoluted. Because the Court writes principally for the parties, it recounts only those portions of the record necessary to resolve Plaintiff's appeal.

Plaintiff commenced this action in New Jersey state court on February 25, 2019, challenging local code-enforcement decisions and related actions concerning her unfinished home. Over the ensuing years, the litigation expanded through related state-court proceedings, consolidation, and repeated amendments to the pleadings. Plaintiff filed a First Amended Complaint on July 28, 2019, a Second Amended Complaint on February 2, 2021, a Third Amended Complaint on June 3, 2021, and a Fourth Amended Complaint on March 21, 2023. The Fourth Amended Complaint introduced federal claims into this action, prompting Defendants to remove it to this Court on April 5, 2023. (ECF No. 1.)

Following removal, Plaintiff again sought to amend her pleading. On July 14, 2023, Plaintiff moved for leave to file a Fifth Amended Complaint, which proposed, among other things, removing previously proposed defendants (including attorneys William Cook and Brandon Hawkins), adding the Township Council of the Township of Cherry Hill, and revising the corresponding allegations and claims. (ECF No. 40.) That motion was granted, and Plaintiff filed the Fifth Amended Complaint on July 29, 2023. (ECF Nos. 45, 46.)

On August 7, 2023, the Court entered a case-management order requiring that any further motions to amend the pleadings be filed by December 29, 2023 (the "Scheduling Order"). (ECF No. 51 at 2, ¶ 6.) That deadline was later extended by sixty days, making February 27, 2024, the operative deadline for any further motions to amend. (ECF No. 76.) Plaintiff did not move to amend by that date. Shortly thereafter, however, Plaintiff's then-counsel moved to withdraw, citing a breakdown in the attorney-client relationship. (ECF No. 103.) Although Plaintiff was afforded additional time to obtain substitute counsel, new counsel did not enter an appearance until November 19, 2024. (ECF No. 130.) In light of the delay occasioned by Plaintiff's change in counsel, the Magistrate Judge directed the parties to meet and confer and to submit a joint status letter addressing the remaining discovery and a proposed schedule for its completion. (ECF No. 134.)

The parties subsequently agreed to a revised schedule that not only reset certain discovery deadlines but also afforded Plaintiff an additional opportunity to seek leave to amend. In a January 4, 2025 letter submitted on behalf of all parties, defense counsel explained:

> As the Court will see in the proposed schedule, the path forward turns largely on Plaintiff's forthcoming request to amend the Complaint to state an equal protection claim. Plaintiff's counsel will be providing a draft of the proposed Amended Complaint to defense counsel for review. It is anticipated that the Amended Complaint will streamline the discovery issues in this matter. It is Defendants' understanding that Plaintiff will be proceeding with this matter as primarily an equal protection case. This, in turn, will control the relevant discovery.

(*Id.*) Plaintiff did not object to that characterization. Indeed, in a later submission, Plaintiff's counsel largely confirmed that understanding, while clarifying that Plaintiff also intended to add a malicious prosecution claim based on a separate criminal proceeding brought against her.

After the parties reaffirmed that understanding during a subsequent telephone conference, the Magistrate Judge entered a further case-management order adopting those deadlines (the "Revised Scheduling Order"). Under that order, Plaintiff was to circulate a proposed amended

complaint to Defendants by February 3, 2025, and, if consent could not be obtained, file any motion for leave to amend by February 20, 2025.

Disagreement quickly arose as to the scope of the amendment permitted by the Revised Scheduling Order, prompting Plaintiff to move for leave to file a Sixth Amended Complaint. The proposed amendments were extensive, exceeding the limited additions contemplated by the parties' prior agreement. In addition to claims for denial of equal protection and malicious prosecution, Plaintiff sought to assert three new causes of action for malicious abuse of process, invasion of privacy, and intentional infliction of emotional distress. She also sought to restore attorneys Cook and Hawkins as defendants, notwithstanding her earlier decision to drop them from this suit. Defendants opposed the motion on multiple grounds, including undue delay, prejudice, futility, and bad faith.

On July 11, 2025, the Magistrate Judge denied Plaintiff's motion for leave to file a Sixth Amended Complaint, except that she permitted Plaintiff one final opportunity to seek leave to assert a properly pleaded malicious prosecution claim. The Magistrate Judge first held that the February 27, 2024 amendment deadline arising out of the original Scheduling Order remained controlling. Although the amendment deadline was later reopened by the Revised Scheduling Order, the Magistrate Judge found that it was reopened for the limited purpose of "streamlining the case and asserting equal protection and malicious prosecution claims only." (ECF No. 172 at 12.) She therefore analyzed those two proposed claims under Rule 15, while requiring Plaintiff to satisfy Rule 16(b)(4)'s good-cause standard as to the remaining proposed amendments. Applying Rule 16, the Magistrate Judge found that Plaintiff did not sufficiently demonstrate good cause for malicious abuse of process, invasion of privacy, and intentional infliction of emotional distress, reasoning that Plaintiff had long possessed the relevant facts, failed to explain why those claims

were not raised earlier, and could not rely on the appearance of new counsel to obtain a fresh opportunity to reshape the case. The Magistrate Judge further concluded that, apart from malicious prosecution, all proposed amendments were independently barred under Rule 15 by undue delay. She reasoned that Plaintiff had already amended multiple times, including twice after the January 2023 demolition, and that Plaintiff had failed to explain why she did not sought leave to add these claims and parties sooner. However, as to malicious prosecution, the Magistrate Judge concluded that the claim did not accrue until May 1, 2024, when the related criminal proceeding allegedly terminated in Plaintiff's favor, and thus was not barred by delay under Rule 15. Even so, she denied leave to add that claim without prejudice because the proposed pleading failed to satisfy Rule 8(a)(2), instead relying on impermissible group pleading.

Plaintiff moved for reconsideration on July 28, 2025. (ECF No. 173.) On January 8, 2026, the Magistrate Judge entered a separate, thoroughly reasoned order denying that motion. (ECF No. 181.) Plaintiff now appeals both decisions.

## III.    LEGAL STANDARDS

### A.    Standard of Review

Federal magistrate judges are authorized "to hear and determine any [non-dispositive] matter pending before the court." 28 U.S.C. § 636(b)(1)(A); *see also* L. Civ. R. 72.1(a)(1). This Court exercises appellate review over the non-dispositive orders of magistrate judges under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(c). However, the scope of that review is narrow, and a district court judge will reverse a magistrate judge on such matters only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Motions to amend or correct pleadings are non-dispositive matters and decisions on them are consequently subject to this standard of review. *See Patel v. Meridian Health Sys., Inc.*, 666 F.

5

App'x 133, 136 (3d Cir. 2016) ("[A] motion for leave to amend is nondispositive."); *Jordan v. Tapper*, 143 F.R.D. 567, 571 (D.N.J. 1992).

The appealing party bears the burden of demonstrating that a magistrate judge's order was clearly erroneous or contrary to law. *See Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022). A ruling is "clearly erroneous" where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Champion Painting Specialty Servs. Corp. v. Delaware River Port Auth.*, 658 F. Supp. 3d 241, 248 (D.N.J. 2023) (quoting *Travelers Indem. Co. v. Dammann & Co., Inc.*, 592 F. Supp. 2d 752, 758–59 (D.N.J. Dec. 22, 2008)). A ruling is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Id.*; *see also Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

## B.    <u>Amendment Standard</u>

A motion for leave to amend is ordinarily governed by Federal Rule of Civil Procedure 15(a)(2), which directs courts to "freely give leave when justice so requires." In applying Rule 15(a)(2), courts consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). These factors are not exhaustive, and a court is permitted "to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Id.* Even so, "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Id.* (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).

Where, however, a party seeks leave to amend after the deadline set by a scheduling order has expired, a movant must first satisfy the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4). *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, where the amendment deadline has passed, Rule 16 imposes a threshold burden: the movant must first demonstrate good cause before the Court considers whether the party also satisfies Rule 15(a)(2)'s more liberal standard. *See Premier Comp Sols.*, 970 F.3d at 319. Unlike Rule 15(a)(2), which "focus[es] on the prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). "In assessing diligence, courts ask whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Arzadi v. Evanston Ins. Co.*, No. 17-5470, 2021 WL 1712527, at *2 (D.N.J. Apr. 29, 2021) (quoting *Smith v. Honeywell Intern. Inc.*, No. 10-3345, 2014 WL 301031, at *6 (D.N.J. Jan. 27, 2014)); *see also Scott v. Cooper Health Sys.*, No. 22-cv-4123, 2025 WL 2528620, at *2 (D.N.J. Sept. 3, 2025).

## IV.    DISCUSSION

Plaintiff principally seeks review of the Magistrate Judge's initial order denying her motion for leave to amend. In doing so, she largely raises the same arguments advanced on reconsideration, which she now repackages as five distinct errors. Having thoroughly considered each of Plaintiff's contentions, the Court discerns no error.

First, Plaintiff argues that the Magistrate Judge misunderstood the procedural history of the case and therefore based her decision on an incorrect factual premise. Specifically, Plaintiff contends that the Magistrate Judge treated this action as having begun in 2019, when, in Plaintiff's

view, the operative case instead began in 2022 with a separate state-court complaint. Although the 2019 and 2022 matters were later consolidated, Plaintiff argues that treating the case as originating in 2019 overstated both the age of the litigation and the number of prior amendments, thereby "tainting" the Magistrate Judge's analysis under Rules 15 and 16.

The Magistrate Judge did not misunderstand the procedural history of this litigation. The record plainly demonstrates that the present federal action traces back to the 2019 state-court matter, as reflected in the notice of removal, the numbering of the successive amended pleadings, and Plaintiff's own treatment of the later state-court filings as related to and incorporated into the earlier case. Regardless, the Magistrate Judge's undue-delay analysis did not turn on the mere fact that related proceedings dated back to 2019. Rather, as she explained, the critical point was that, with the exception of the malicious prosecution claim, the claims Plaintiff sought to add could have been asserted in the Fourth or Fifth Amended Complaint after the January 2023 demolition of the property. Yet, for reasons Plaintiff did not adequately explain, she did not. That reasoning was not clearly erroneous.

Second, Plaintiff contends that the Magistrate Judge erred in construing the amendment deadline established by the Revised Scheduling Order as limited to the assertion of equal protection and malicious prosecution claims. Although Plaintiff does not appear to dispute that those were the only claims specifically identified during the parties' prior meet-and-confer, she maintains that her counsel never explicitly agreed that amendment would be confined to those two theories alone. Thus, Plaintiff argues that the Magistrate Judge improperly treated the parties' prior discussions as narrowing the scope of permissible amendment and, on that basis, erroneously subjected the three additional claims to Rule 16's good-cause requirement.

That challenge is unpersuasive. The Magistrate Judge did not invent that limitation out of whole cloth; rather, she derived it from the parties' own correspondence and representations to the Court, which reasonably reflected that the reopening of the amendment deadline was tied to an effort to streamline the case and to permit Plaintiff to assert equal protection and malicious prosecution claims. The proposed amendments far exceeded that expectation. And even if counsel never explicitly stated those were the only claims she might later seek to add, that does not render the Magistrate Judge's reading of the record clearly erroneous. But more importantly, Plaintiff cannot show that this interpretation affected the outcome. The Magistrate Judge did not stop at Rule 16. She separately analyzed the proposed additional claims under Rule 15 and concluded that, except for malicious prosecution, amendment was barred by undue delay because those theories could have been asserted earlier. Plaintiff's second argument therefore fails on its own terms.

Third, Plaintiff argues that the Magistrate Judge erred in treating several of her proposed claims as unduly delayed, notwithstanding allegations of post-complaint conduct. More specifically, Plaintiff contends that her proposed equal protection, abuse of process, invasion of privacy, and emotional distress claims were viable as "stand-alone" claims because they were based, at least in part, on distinct conduct occurring after the filing of the Fifth Amended Complaint in July 2023. Plaintiff therefore maintains that those claims should not have been construed as latent attempts to repackage earlier allegations, but rather as claims arising from new events that could properly be asserted at that stage of the litigation.

The Court is unpersuaded. To the extent Plaintiff truly sought to assert new claims based on events occurring after the filing of the Fifth Amended Complaint, the proper procedural mechanism was, as the Magistrate Judge correctly observed, a supplemental pleading under Rule

15(d)—not an amended pleading under Rule 15(a). *See* Fed. R. Civ. P. 15(d) (permitting post-pleading supplementation based on "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"); *see also T Mobile Ne. LLC v. City of Wilmington,* 913 F.3d 311, 326 (3d Cir. 2019). And insofar as the proposed claims were predicated on conduct that began in 2018, Plaintiff conceded that she had knowledge of those facts for years, yet failed to explain why they were omitted from her prior pleadings. The Magistrate Judge therefore did not err in concluding that Plaintiff's partial reliance on post-complaint conduct did not justify amendment at that stage of the litigation.

Fourth, Plaintiff contends that the Magistrate Judge "ignored completely" the applicability of the continuing violation doctrine—an equitable principle under which repeated wrongful conduct may be treated as one continuing wrong, such that the applicable statute of limitations runs from the last wrongful act rather than the first. *See Brenner v. Local 514 United Bros. of Carpenters of Am.,* 927 F.2d 1283, 1295 (3d Cir. 1991); *Shepherd v. Hunterdon Developmental Ctr.,* 803 A.2d 611 (N.J. 2002). In Plaintiff's view, her proposed equal protection, abuse of process, invasion of privacy, and intentional infliction of emotional distress claims formed part of an ongoing continuum of misconduct. She therefore argues that, because the alleged wrongful conduct continued, those claims remained timely and that she was not required to explain why they had not been asserted earlier.

Setting aside for a moment that Plaintiff herself made no mention of this argument until she sought reconsideration, it fails on its merits. As the Magistrate Judge correctly explained on reconsideration, Plaintiff's position rests on a fundamental conflation of distinct issues. The continuing violation doctrine concerns itself with the timeliness of a claim for statute-of-limitations purposes; it does not answer, much less eliminate, the distinct question of whether a

10

party who has long known relevant facts has unduly delayed seeking leave to amend under Rule 15. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 n.10 (3d Cir. 2006) (quoting *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir. 1984) ("[T]he delay exception in amending the complaint refers to delay in the actual proceeding in which the complaint occurs, not delay in bringing suit."); *see also Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249, 261 (E.D. Pa. 2017) (addressing limitations timeliness and Rule 15 delay under two separate inquiries).

Lastly, Plaintiff argues that the Magistrate Judge placed undue weight on her delay while overlooking that Defendants had long been on notice of the facts underlying the new claims she proposed. In Plaintiff's view, granting leave to amend would not have caused Defendants any meaningful prejudice, particularly because discovery remained ongoing and Defendants would still have had a full opportunity to respond to the amended pleading and develop any additional evidence.

That argument is unpersuasive because it does not confront the actual basis of the Magistrate Judge's ruling. The Magistrate Judge expressly considered Plaintiff's assertion that Defendants would suffer little prejudice, but explained that discovery-related prejudice is not the only relevant form of prejudice at issue. Undue delay can itself "constitute prejudice sufficient to justify denial of a motion for leave to amend." *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013). Consistent with that principle, the Third Circuit has "refused to overturn denials of motions for leave to amend where the moving party offered no cogent reason for the delay in seeking the amendment." *Id.* Here, that is precisely the problem the Magistrate Judge identified. She found that, except for the malicious prosecution claim, Plaintiff's proposed claims and parties rested on facts long known to her and could have been asserted earlier. Yet, Plaintiff

failed to offer any explanation, much less a cogent one, for why they were omitted. This was not clear error.

## V.    CONCLUSION

For the foregoing reasons, the Court affirms the Magistrate Judge's July 11, 2025 order denying Plaintiff's motion for leave to file a Sixth Amended Complaint, as well as the January 8, 2026 order denying Plaintiff's motion for reconsideration.

Date: March 31, 2026

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE